EDWARD SIMPER V. LILLIE CARROLL.

1. NEWLY DISCOVERED EVIDENCE NOT PER SE GROUND FOR NEW TRIAL.

    Newly discovered evidence, if cumulative only, or such as might have been discovered with reasonable diligence, is not available as a ground for a new trial.

2. NATURAL AND PROBABLE CONSEQUENCES OF ARREST ATTRIBUTABLE TO ONE CAUSING IT.

    One causing the arrest of another is bound by the statements and conduct of police in her presence while so detained, especially if it was the natural and probable consequence thereof.

3. COMPETENCY OF TESTIMONY OF WOMAN ARRESTED AS TO EFFECT ON HER MENTAL AND NERVOUS CONDITION.

    In an action for damages for the false arrest of a woman her testimony as to the effect on her mental and nervous condition is competent evidence.

4. MOTIVE PROMPTING LITIGATION IMMATERIAL PROVIDING FACTS ON WHICH BASED ARE SUFFICIENT.

    The facts upon which an action for false arrest is based being sufficient, the motive prompting the litigation is immaterial.

5. VERDICT OF $500 FOR FALSE ARREST OF WOMAN REDUCED $200.

    In an action for damages for the false arrest of a woman and search of her person by police officers, a verdict in the sum of $500, in the absence of malice is excessive, for which a remittitur of $200 will be ordered.

ERROR to Hamilton common pleas court.

The defendant in error, plaintiff below, examined some rings at the jewelry store of Edward Simper with the view of purchase, as he was led to believe. Before she left the store it was discovered that one of the rings was missing. What was said when this discovery was made led to a demand on the part of the woman, as Simper claimed, that she

Simper v. Carroll.

be searched.  Simper thereupon called up police headquarters and two detectives responded, who took the woman to the city hall, where after satisfying themselves that the ring was not in her possession she was allowed to go without any charge being entered against her.  Thereafter a petition was filed by her against Simper, which contained the following averments:

"On or about December 12, 1904, defendant caused plaintiff to be arrested, and taken to a police station and searched, and deprived of her liberty for two hours unlawfully and with force on a pretended accusation of larceny, to her damage in the sum of $2,500, for which she asks judgment with costs."

In the court below a verdict was returned for the plaintiff for $500, upon which judgment was entered.  To this judgment error was prosecuted.

**J. D. Creed**, for plaintiff in error.

**Bates & Meyer**, for defendant in error:

Cited and commented upon the following authorities:  *Powell* v. *Hodgetts*, 2 C. & P. 432; 12 E. C. L. 659; *Nicholson* v. *Sternberg*, 61 App. Div. 51 [70 N. Y. Supp. 212], affirmed, without report, *Nicholson* v. *Sternberg*, 170 N. Y. 589 [63 N. E. Rep. 1119]; *Johnson* v. *McDaniel*, 5 Dec. 717 (7 N. P. 467); *San Antonia & A. P. Ry.* v. *Griffin*, 20 Tex. Civ. App. 91 [48 S. W. Rep. 542]; *Drumm* v. *Cessnum*, 61 Kan. 467 [59 Pac. Rep. 1078]; *Stoecker* v. *Nathanson*, 98 N. W. Rep. 1061; 70 L. R. A. 667 (Neb.); *Fenelon* v. *Butts*, 53 Wis. 344 [10 N. W. Rep. 501]; *Abrahams* v. *Cooper*, 81 Pa. St. 232; *Young* v. *Gormley*, 120 Iowa 372 [94 N. W. Rep. 922]; *Shatto* v. *Crocker*, 87 Cal. 629 [25 Pac. Rep. 921]; *Jackson* v. *Bell*, 5 S. Dak. 257 [58 N. W. Rep. 671]; *Smith* v. *Railway*, 23 Ohio St. 10; *Lytton* v. *Baird*, 95 Ind. 349; *Bailey* v. *Warner*, 118 Fed. Rep. 395; *Lavender* v. *Hudgens*, 32 Ark. 763; *Wheeler & Wilson Mfg. Co.* v. *Boyce*, 36 Kan. 350 [13 Pac. Rep. 609; 59 Am. Rep. 571]; *Fagnan* v. *Knox*, 40 N. Y. Supr. Ct. 41; *Coffin* v. *Varila*, 8 Tex. Civ. App. 417 [27 S. W. Rep. 956]; *Bolton* v. *Vellines*, 94 Va. 393 [26 S. E. Rep. 847; 64 Am. St. Rep. 737].

**GIFFEN, J.**

Newly-discovered evidence to be available on a motion for a new trial must be neither cumulative nor such as might with reasonable diligence have been obtained at the trial.  All of the alleged newly-discovered evidence is open to one or both of these objections.

If the defendant caused the arrest of the plaintiff, then what the

police said and did in her presence while she was detained in pursuance of such arrest was competent to bind the defendant, especially when it was the natural and probable consequence of the arrest as in this case.

There was no error in. permitting plaintiff to testify to her mental and nervous condition as the direct result of the arrest. The following question was put to the plaintiff on cross-examination:

"Are you prosecuting this suit to get money or to get your reputation back?"

It is immaterial what the motive of a litigant may be in prosecuting an action provided the facts upon which it is based are sufficient in law. The objection to the question was properly sustained.

The question ruled out on page 38 of the bill of exceptions, is covered substantially by the next question, and hence no prejudice resulted. The two questions at page 124 of the bill were properly ruled out because calling for a conclusion and not a fact. The testimony at pages 131 to 137 was admissible in rebuttal.

If the defendant unlawfully detained the plaintiff in his store until the police came, whether at his or her request, and whether she was searched at his or her own request, such unlawful detention was the efficient cause and rendered the defendant liable. Hence that part of the charge of the court excepted to by counsel for defendant correctly states the law.

We find no prejudicial error in the record, except that the damages in the absence of malice are excessive, and a remittitur of $200 will be ordered, and if not consented to the judgment will be reversed.

**Smith** and **Swing, JJ.,** concur.